UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIANA RINCON,<br><br>              Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>             Defendant. | CASE NO. C18-5415 BHS<br><br>ORDER DENYING MOTION TO QUASH |

This matter comes before the Court on Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion to quash videotape deposition subpoena of Shane Tuffy. Dkt. 44.

On November 26, 2019, Amtrak filed the instant motion requesting that the Court quash a subpoena to depose Amtrak's Director of Operating Practices, Shane Tuffy. *Id.* On December 4, 2019, Plaintiff Karen and Kevin Barrett and Diana Rincon ("Plaintiffs") responded. Dkt. 46. On December 6, 2019, Amtrak replied. Dkt. 49.

Amtrak argues that "Plaintiffs' attempt to re-depose Mr. Tuffy is cumulative, duplicative, burdensome, and would serve no legitimate purpose." Dkt. 44 at 4. The

ORDER - 1

Court disagrees.  First, Mr. Tuffy has not been deposed in this case and therefore a deposition would not be duplicative.

Second, there appears to be a valid dispute regarding Mr. Tuffy's testimony in a previous case.  Amtrak's position is that Mr. Tuffy was unaware of the new route such that he did nothing to ensure that the route plan complied with federal law.  Plaintiffs' contend that Mr. Tuffy was sent an email that identified the location in question such that he could have been aware of the failure to include that location in the trip plan.  Plaintiffs assert that they discovered this email after Mr. Tuffy's previous deposition in the other case.  The Court concludes that this is a legitimate dispute and should be resolved in favor of allowing the additional discovery to, at the very least, fully develop the record.  Thus, the deposition will not be cumulative.

Third, the deposition will not be burdensome now that the related case that was set for trial settled.  Thus, Amtrak should have counsel available to attend the deposition.

Finally, Mr. Tuffy's testimony could conceivably alter the balance of factors on the choice of law issue.  Amtrak persuaded the Court that its Washington employees in charge of developing and identifying locations with speed restrictions were negligent in failing to notify its Delaware office of the relevant location, MP 19.8.  If, however, Plaintiffs can establish that the local office sent information to Delaware identifying MP 19.8 as a location that should be included in the published trip plan, then it would seem that the Washington employee(s) in charge of planning and information gathering would not be negligent such that their actions may not have caused the injuries.  Thus, those contacts would be irrelevant to any choice of law analysis.  Then, it could be possible that

the only relevant contacts would be the engineer and conductor in Washington balanced against Delaware office's failure to properly incorporate MP 19.8 in the published trip plan.  While this may be insufficient to overcome the presumption in favor of applying Washington law, *Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 128 Wn. App. 256, 261–62 (2005), Plaintiffs are entitled to an analysis of the issue based on all the facts. Therefore, the Court **DENIES** Amtrak's motion to quash the subpoena.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge